## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

MARLON SAUL BARCARCEL PEREZ,
and JOSE RICARDO MARRON OLVERA,

                Petitioners,

v.                                 CIVIL ACTION NO.  2:26-cv-00108

CHRISTOPHER MASON, et al.,

                Respondents.

### MEMORANDUM OPINION AND ORDER

The Court has reviewed the Petitioners' *Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* (Document 1), the *Respondents' Motion to Exceed Page Limit* (Document 16), the *Response to Order to Show Cause and Motion to Dismiss* (Document 16-1), all exhibits, and the argument presented during the show cause hearing held on February 20, 2026. The Court **ORDERS** that the *Respondents' Motion to Exceed Page Limit* (Document 16) be **GRANTED**, that the *Response to Order to Show Cause and Motion to Dismiss* (Document 16-1) be **FILED**, and that the motion to dismiss contained therein be **DENIED**.

In accordance with the Court's ruling on the record, the Court **ORDERS** that the *Petition* be **GRANTED** and that the Petitioners be **RELEASED** from custody **immediately**.  The Court further **ORDERS** that all of the Petitioners' personal belongings, including identification, work authorization, and any other documentation, be returned to them **upon release**.  The Court

**ORDERS** that the Respondents be **PROHIBITED** from re-arresting and detaining the Petitioners pending further order of this Court.[1]

The Respondents concede that this case does not present factual or legal issues that would support a different outcome than the Court's prior rulings in *Zakro Roshniashvili v. Toby Allen, et al.*, Civil Action No. 2:26-cv-93, and *Rasul Umarov v. Christopher Mason, et al.*, Civil Action No. 2:26-cv-81.[2]  The Respondents concede that neither Petitioner has a history of violence or serious criminal convictions, there is no evidence either Petitioner poses a risk of nonappearance or a danger to the community, and there is no evidence that either has ever been involved in gang activity.  Both were detained following traffic stops purportedly based on minor infractions. Neither Petitioner was arrested pursuant to a warrant, and neither Petitioner was afforded a hearing before or after being detained.  Therefore, after careful consideration, the Court adopts the analysis contained in *Roshniashvili* and *Umarov*.  For the reasons stated in those prior opinions, the Court finds that it possesses jurisdiction and that the Respondents' detention of these Petitioners on the basis that they are applicants for admission, seeking admission, subject to mandatory detention under 8 U.S.C. § 1225(b) is unlawful under the Immigration and Nationality Act (INA).  In addition, the Court finds, for the reasons stated in *Roshniashvili* and *Umarov*, that the Respondents'

---

[1] The Petitioners requested that the Court adopt this language barring their re-arrest and detention, and the Respondents contended that it was over-broad and could prevent arrest or detention when legally supported.  However, counsel for the Respondents indicated, in response to the Court's inquiry, that the Respondents intend to continue to arrest and detain people in this district under the same circumstances and based on the same legal justifications that all four district judges to address the matter have found to be illegal and unconstitutional.  The Court has previously prohibited re-arrest and detention absent a significant change in circumstances to justify detention.  The Court concurs with the Petitioners that the language previously used provides inadequate protection due to the Respondents' lack of respect for the law.

[2] This Court's rulings in those prior cases were consistent with the opinions of the three other judges in this district to consider these issues, as well as the vast majority of judges nationally.  *See, e.g.*, *Antony Segundo Larrazabal-Gonzalez v. Christopher Mason, et al.*, Civ. Action No. 2:26-cv-49, Mem. Op. (S.D. W.Va. Jan. 28, 2026) (Goodwin, J.); *Briceno Solano v. Mason*, No. 2:26-CV-00045, 2026 WL 311624, at *19 (S.D.W. Va. Feb. 4, 2026) (Johnston, J.); *Alberto Jose Simanca Gonzalez v. Carl Aldridge, et al.*, Civ. Action No. 3:26-cv-55, 2026 WL 313476 (S.D. W.Va. February 5, 2026) (Chambers, J.); *Yuri Jhoana Gutierrez Aroca and Arley Cabrera Valenzuela v. Christopher Mason, et al.*, Civ. Action No. 2:26-cv-57 (S.D.W.Va. Feb. 9,2026) (Goodwin, J.).

detention of these Petitioners violated the Due Process Clause of the Fifth Amendment of the United States Constitution.

Having found that the Petitioners met their burden of establishing that their detention is unlawful, the Court has ordered their release.  As in prior cases, and consistent with every other judge in this District, the Court finds that release is the appropriate remedy both because it is the traditional remedy in a successful habeas action for unlawful detention and because the evidence presented in this and other cases establishes that the Government would be unlikely to hold a timely bond hearing under procedures that comport with due process.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:        February 20, 2026

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA